UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| KRIS ROMANDETTI and LEADING EDGE MEDICAL CONSULTING, LLC<br><br>    Plaintiffs,<br><br>vs.<br><br>FIRST CHOICE HEALTHCARE SOLUTIONS, INC.<br><br>    Defendant. | Case No.: 6:19-cv-436-Orl-41GJK |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO COMPLAINT (DOC. 5)**

    Plaintiffs Kris Romandetti and Leading Edge Medical Consulting, LLC (collectively, "Plaintiffs"), respectfully submit this response in opposition to Defendant's motion (Doc. 5) seeking an additional extension of time—for a total of more than seven weeks—to respond to Plaintiffs' Complaint.

    Plaintiffs originally served Defendant with their Complaint on February 5, 2019, (*see* Doc. 1-4 at 71), and Defendant was required to file its response in state court by February 25, 2019. On February 22, 2019, as a professional courtesy to Defendant's counsel, Plaintiffs agreed to a two-week extension for Defendant to respond to the Complaint (up to and including March 11, 2019). On March 7, 2019, however, Defendant elected to remove the case to this Court, affording it with another seven days to respond from the date of its removal, *see* Fed. R. Civ. P. 81(c)(2)(C). As a result, Defendant's response is presently due on March 14, 2019.

    Defendant now seeks yet another extension of an additional two weeks—for a total of

-2-

nearly two months—to respond to the Complaint.[1]  While Plaintiffs do not object, as a further professional courtesy, to a more limited extension of one additional week (i.e., beyond the seven days already provided by Rule 81 and up through March 21, 2019), this is not a complex case.  The gravamen of Plaintiffs' Complaint is a straightforward claim for breach of contract for failure to make payment.

Having already had five weeks to review Plaintiffs' relatively uncomplicated Complaint, Defendant's bald request for more time to still "fully investigate" Plaintiffs' claims not only risks ringing hollow, but fails to show the requisite good cause.  *See, e.g.*, *AFI Holdings of Illinois, LLC v. Waterman Broadcasting*, No. 2:17-cv-491, 2018 WL 5288744, at *1 (M.D. Fla. Oct. 15, 2018) ("good cause" requires moving party to show it cannot meet a deadline despite diligent efforts).

Accordingly, Plaintiffs respectfully that the Court deny Defendant's Motion for Enlargement of Time to Respond to Complaint (Doc. 5) or, in the alternative, grant Defendant a more limited extension of up to one additional week to respond to Plaintiffs' Complaint—i.e., through and including no later than Thursday, March 21, 2019.

Dated:  March 13, 2019.

                                                Respectfully submitted,

                                                /s/ Taylor F. Ford
                                                Taylor F. Ford
                                                Florida Bar No.: 0041008
                                                Dustin Mauser-Claassen

---

[1] During the parties' conferral, Defendant's counsel requested an additional extension of *three* weeks—specifically, until April 3, 2018—to respond to the Complaint.  Indeed, it was not until the filing of Defendant's instant motion that Plaintiffs learned Defendant instead now seeks an additional extension of two weeks.

        Florida Bar No.: 0119289
        KING, BLACKWELL, ZEHNDER & WERMUTH, P.A.
        P.O. Box 1631
        Orlando, FL 32802-1631
        Telephone: (407) 422-2472
        Facsimile: (407) 648-0161
        tford@kbzwlaw.com
        dmauser@kbzwlaw.com

        *Counsel for Plaintiffs Kris Romandetti and*
        *Leading Edge Medical Consulting, LLC*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on March 13, 2019, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

        /s/ Taylor F. Ford
        Taylor F. Ford
        Florida Bar No.: 0041008